Thomas M. Donnelly (CA State Bar No. 136546)
Kelli A. Crouch (CA State Bar No. 239042)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700
Email: tmdonnelly@jonesday.com
       kcrouch@jonesday.com

Attorneys for Defendants
KAISER ALUMINUM CORPORATION and KAISER
ALUMINUM & CHEMICAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOSS LANDING COMMERCIAL PARK LLC<br><br>Plaintiff,<br><br>v.<br><br>KAISER ALUMINUM CORPORATION, KAISER ALUMINUM & CHEMICAL CORPORATION and DOES 1 through 100,<br><br>Defendants. | Case No. C 07-06072 RMW/PVT<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT**<br><br>Date:   May 23, 2008<br>Time**:**   10:30 A.M.<br>Judge: The Hon. Ronald M. Whyte |

Pursuant to Local Rule 16-9 and Federal Rule of Civil Procedure 26(f), Defendants Kaiser Aluminum Corporation ("KAC") and Kaiser Aluminum & Chemical Corporation ("KACC")[1] respectfully submit this Case Management Statement in connection with the Case Management Conference currently scheduled for May 23, 2008.

1. **Background Facts**

In 1984, in conjunction with its decision to sell its refractories business, KACC sold a magnesium and refractory brick facility on an approximately 188-acre parcel of land located in

---

[1]   As part of the restructuring transactions consummated in connection with KAC's and KACC's plan of reorganization, KACC was merged into Kaiser Aluminum & Chemical Corporation LLC in 2006.  References to KACC herein include Kaiser Aluminum & Chemical Corporation LLC.

1  Moss Landing, Monterey County, California (the "Moss Landing Property" or the "Property") to
2  National Refractories & Minerals Corporation ("National Refractories") and certain of its
3  affiliates.  At the time of the sale, the Property, which included two landfills maintained by
4  KACC, was in compliance with applicable environmental laws and regulations, and KACC
5  transferred its National Pollutant Discharge Elimination System permit to National Refractories in
6  connection with the sale.  National Refractories also agreed to maintain a leachate collection
7  system.
8       In October 2001, National Refractories filed a voluntary petition for relief under
9  chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern
10 District of California (the "California Bankruptcy Court").
11      On February 12, 2002, KAC, KACC and certain affiliates filed voluntary petitions for
12 relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the
13 District of Delaware (the "Delaware Bankruptcy Court").  In October 2003, the Delaware
14 Bankruptcy Court approved a multi-site consent decree (the "Consent Decree") that KAC, KACC
15 and their affiliated Debtors entered into with the United States, on behalf of the United States
16 EPA and certain other federal agencies, and certain states, including California.  Pursuant to the
17 Consent Decree, the United States EPA and the California agencies agreed that all liabilities and
18 obligations of the Debtors to the United States EPA and the State of California agencies under
19 environmental laws and regulations relating to numerous sites, including the Moss Landing
20 Property, would be discharged upon confirmation of the Plan and that the settling federal and
21 state agencies would not issue a unilateral order or seek an injunction under applicable federal
22 and state environmental laws with respect to those sites.  The United States published notice of
23 the proposed Consent Decree in the Federal Register at 68 Fed. Reg. 51596 (Aug. 27, 2003).
24      In December 2003, while both KACC and National Refractories were in bankruptcy, the
25 Plaintiff in this case, Moss Landing Commercial Park LLC, purchased the Moss Landing
26 Property from National Refractories.  Pursuant to the sale agreement, which the California
27 Bankruptcy Court approved, the Plaintiff assumed certain maintenance, monitoring and
28 remediation obligations on the Moss Landing Property, including the obligation to maintain the

1  leachate collection system.  Additionally, the Plaintiff was given substantial information about the
2  environmental conditions at the Property, including all material correspondence between KACC
3  and National Refractories regarding maintenance of the landfills on the Property as well as the
4  environmental assessment and sampling reports referenced in the sale agreement, including a
5  May 2001 TRC Phase I environmental assessment report, a November 2002 Phase II soil and
6  groundwater sampling report and a 1997 PES closure report.  Further, upon acquiring the
7  Property, the Plaintiff also hired Sam Bose, who had been overseeing environmental compliance
8  at the Property, for KACC and then for National Refractories, since 1979.  Since 1984, as
9  reflected in the sale agreement and in the Plaintiff's pleadings filed in the Delaware Bankruptcy
10  Court, both National Refractories and the Plaintiff have engaged in extensive testing at the site
11  and have developed voluminous information about the nature and extent of the environmental
12  conditions at the Moss Landing Property.
13       Despite having actual knowledge of KACC's bankruptcy cases, the Plaintiff never filed a
14  proof of claim in KACC's bankruptcy case.  On February 6, 2006, the Delaware Bankruptcy
15  Court entered an order (the "Confirmation Order") confirming the Second Amended Joint Plan of
16  Reorganization filed by KAC, KACC and certain of their other debtor affiliates (as modified and
17  confirmed, the "Plan").  The Plan and Confirmation Order discharge KAC and KACC from all
18  claims and debts that arose on or before the effective date of the Plan, and permanently enjoin all
19  entities that hold any claim from commencing or continuing any action against KAC, KACC and
20  their affiliated Debtors.  (Plan § 12.2.a; Confirmation Order § IX.8.a.)  On May 11, 2006, the
21  United States District Court for the District of Delaware (the "Delaware District Court") entered
22  an order affirming the Confirmation Order.  The Plan became effective on July 6, 2006, and KAC
23  and KACC emerged from bankruptcy.
24       Thereafter, on November 30, 2007, almost a year and a half following KAC and KACC's
25  emergence from bankruptcy, the Plaintiff filed its Complaint for Damages and Injunctive Relief
26  in this Court, and subsequently filed its First Amended Complaint for Damages and Injunctive
27  Relief (the "Amended Complaint") on December 5, 2007.  The Amended Complaint seeks
28  equitable relief, civil penalties, monetary damages and attorneys' fees under a variety of federal

statutes, state statutes and common law theories of liability, all of which seek to require KACC to compensate the Plaintiff for the remediation of, or otherwise remediate, the environmental conditions that were well known when the Plaintiff purchased the Moss Landing Property.

2. **Procedural History to Date**

Because KAC and KACC believe the commencement of this lawsuit against KAC and KACC in this Court violates the injunctions the Delaware Bankruptcy Court issued in connection with confirmation of the Plan, KAC and KACC filed a motion in the Delaware Bankruptcy Court on December 28, 2007 to enforce the Plan injunctions and compel the Plaintiff to dismiss this lawsuit with prejudice (the "Motion to Enforce").  The Delaware Bankruptcy Court held a hearing on the Motion to Enforce on February 25, 2008, and entered an order on March 27, 2008 requiring the Plaintiff to dismiss its lawsuit without prejudice within ten days.

The Plaintiff appealed that order, and that appeal is currently pending before Judge Farnan in the Delaware District Court.

On the same day the Plaintiff filed its notice of appeal, it also filed an emergency motion for a stay pending appeal in the Delaware Bankruptcy Court (Delaware Bankruptcy Court Docket No. 9693) (the "Emergency Stay Motion"), seeking to stay the Delaware Bankruptcy Court's order on the Motion to Enforce and to allow this lawsuit to proceed for the limited purpose of requiring the Defendants to file an answer to the Amended Complaint and allowing certain discovery to proceed.  Specifically, the Plaintiff argued that the contamination at the Moss Landing Property was ongoing and "[l]ocal government agencies are demanding action now." (Emergency Stay Motion at p. 8, relevant portions of which are attached hereto as Exhibit A.) The Plaintiff contended that the remediation required by the local government agencies "cannot proceed effectively until Kaiser provides crucial information regarding its past activities — just what was put into the ground and when."  (Id.)  The Plaintiff asserted that it would be irreparably injured by any delay in obtaining this information.  (Id.)  Accordingly, Plaintiff's counsel requested discovery "to get the information the debtor has, relative to what they put in the ground and when . . . ."  (Tr. of April 21, 2008 Hr'g at p. 10, Delaware Bankruptcy Court Docket No. 9729, relevant portions of which are attached hereto as Exhibit B.)  The Plaintiff, however,

provided no evidence to support its assertions regarding agency demands.

The Delaware Bankruptcy Court held a hearing on the Plaintiff's Emergency Stay Motion on April 21, 2008, and denied the motion, finding that the Plaintiff had no likelihood of success on the merits of its appeal and would not be irreparably harmed if the Emergency Stay Motion were denied.  On April 24, 2008, the Plaintiff filed an emergency motion for a stay pending appeal in the Delaware District Court, making the same arguments it did before the Delaware Bankruptcy Court.  The duty judge scheduled a telephonic hearing for the following day.  At the telephonic hearing, the Plaintiff for the first time referred to a July 29, 2005 letter from the California Regional Water Quality Control Board as the basis for its assertions regarding agency demands.[2]  The duty judge entered an order on the same day granting the Plaintiff's request for a stay.

As a result, and consistent with the sole basis upon which the Plaintiff sought and obtained a stay, this lawsuit is proceeding only for the limited purpose of KAC and KACC filing an answer to the Amended Complaint and for the Plaintiff to pursue discovery from KAC and KACC regarding the content of the landfills to the extent necessary to respond to actions requested by governmental agencies.[3]  Although the Plaintiff requested in its Amended Second Case Management Statement that the Court establish a schedule for Federal Rule of Civil Procedure 26 disclosures, KAC and KACC believe that requiring such disclosures would be inconsistent with the sole basis upon which the stay was granted, and also a waste of the parties' resources given that this lawsuit will only proceed on the merits if the Plaintiff succeeds in its appeal.

3. **The Case Management Conference**

The Defendants respectfully request that at the case management conference scheduled for May 23, 2008, this Court establish (a) a deadline for the Defendants to file an answer to the Amended Complaint and (b) a schedule for the limited discovery necessary for the Plaintiff to

---

[2] After the telephonic hearing, counsel for KACC requested a copy of the July 2005 agency letter and was thereafter provided a copy.

[3] At all materials times, KAC was the parent company of KACC and had no direct involvement, ownership, or control over the Moss Landing Property and thus will have no documents or information concerning the Moss Landing Property.

respond to actions requested by governmental agencies. The Defendants further request that the Court exercise its discretion to grant the parties relief from compliance with their obligations under Federal Rules of Civil Procedure 26(a) and 26(f).

Dated: May 16, 2008

Respectfully submitted,

JONES DAY

By:   /s/ Kelli A. Crouch
      Kelli A. Crouch

Attorneys for Defendants Kaiser Aluminum Corporation and Kaiser Aluminum & Chemical Corporation LLC