# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| KAISER ALUMINUM CORPORATION, a Delaware Corporation, et al., | : : | Case No. 02-10429 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |
| KAISER ALUMINUM CORPORATION, et al., | : : | |
| Movants, | : : | |
| v. | : : | Related to Docket No. 9690 |
| MOSS LANDING COMMERCIAL PARK LLC, | : : | Objection Deadline: To Be Determined |
| Respondent. | : : | Hearing Date: To Be Determined |

**MOSS LANDING COMMERCIAL PARK, LLC'S EMERGENCY
MOTION TO STAY ORDER ENFORCING INJUNCTIONS
ISSUED IN CONNECTION WITH PLAN OF REORGANIZATION
AND COMPELLING MOSS LANDING TO DISMISS
<u>WITHOUT PREJUDICE ITS LAWSUIT AGAINST DEBTOR</u>**

Moss Landing Commercial Park, LLC ("MLCP") hereby moves under Rule 8005 of the Federal Rules of Bankruptcy Procedure for a stay of the order by this Court entered on March 27, 2008 [Docket No. 9690] (the "Order"). The Order mandates that MLCP dismiss its action against Kaiser Aluminum Corporation, *et al.* ("Kaiser") pending in the Northern District of California (the "California Action") by April 9, 2008. MLCP has filed and served a Notice of Appeal, and hereby requests a stay of the Order until 30 days after the determination of the appeal. MLCP asks only to be allowed to proceed with discovery in the California Action, but not to go to trial. In support of this Motion, MLCP shows as follows:

557747.1 3/31/08

bought the property.[3] This record, once fully reviewed, reveals that Kaiser knew of MLCP as a contingent creditor before the confirmation hearing, did not provide notice, and thus cannot discharge its claims.

16.    There can be no doubt that MLCP raises serious issues of law in its appeal and has satisfied the requirement of presenting a compelling appeal to support its motion for a stay of the Order.

### C.    MLCP Will Suffer Irreparable Injury Absent a Stay of the Order to Dismiss California Action

17.    The Contamination at Moss Landing continues to leach out, contaminating groundwater and threatening adjacent wildlife habitats. Local government agencies are demanding action now. The remediation, however, cannot proceed effectively until Kaiser provides crucial information regarding its past activities - just what was put into the ground and when. Without this information it will be extremely difficult to understand the degree of current risk to both the adjacent protected wildlife and the water supply of the area, and to implement an adequate remedy. Even if Kaiser's older information is not available, obtaining any records that Kaiser may have regarding environmental monitoring and testing will be essential to understanding the conditions on the property.

18.    The only way to obtain this crucial information is through discovery. There is no question that any delay in this process irreparably injures MLCP as is it impairs its ability to understand this ongoing and dangerous condition, and to assess what action must be taken.

---

[3]    Motion of Debtors and Debtors in Possession for an Order Approving Settlement Agreement with National Refractories & Minerals Corporation...p. 6 ¶ 17 [Docket No. 4051], stating that "all of the assets subject to Kaiser's junior security interest have been liquidated..." The Settlement Agreement itself, attached as an Exhibit to the motion specifically describes ongoing contamination problems and states that the Moss Landing property was sold in December 2003 (to Mr. Agha, the successful bidder.) Settlement Agreement p. 6 ¶ 20.