Thomas M. Donnelly (CA State Bar No. 136546)
Kelli A. Crouch (CA State Bar No. 239042)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
Email: tmdonnelly@jonesday.com
       kcrouch@jonesday.com

Attorneys for Defendants
KAISER ALUMINUM CORPORATION and KAISER
ALUMINUM & CHEMICAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOSS LANDING COMMERCIAL PARK LLC<br><br>Plaintiff,<br><br>v.<br><br>KAISER ALUMINUM CORPORATION, KAISER ALUMINUM & CHEMICAL CORPORATION and DOES 1 through 100,<br><br>Defendants. | Case No. C 07-06072 RMW/PVT<br><br>**DEFENDANTS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT**<br><br>Date: MAY 23, 2008<br>Time: 10:30 AM<br>Judge: The Hon. Ronald M. Whyte |

Defendants file this supplemental statement to briefly respond to the Supplemental Second Case Management Statement filed by Plaintiff on May 20, 2008.

1. **KACC Environmental Compliance and Discharge Issues**

With respect to the Plaintiff's statements regarding KACC's compliance with applicable environmental laws and regulations at the time it sold the Moss Landing Property, KACC states that no state or federal agency has ever asserted that KACC was in violation of environmental laws or regulations in effect when the Moss Landing property was sold to National Refractories in 1984.

With respect to the Plaintiff's arguments regarding the issues pending before the Delaware District Court, including arguments regarding alleged lack of notice, suffice it to say that all of

1  the Plaintiff's arguments were rejected by the Delaware Bankruptcy Court.[1]

2. **Scope of Discovery**

The Plaintiff asserts, as it did before the Delaware courts, that discovery from KACC is necessary to understand "what Kaiser was putting into the waste piles." (Pl.'s Suppl. Sec. Case Mgmt. Stat. 4:11.) And although environmental agency demands are the purported trigger for this need, the Plaintiff has only provided a July 29, 2005 letter from the California Regional Water Quality Control Board.

Despite the Plaintiff's statement that the information is necessary to understand what KACC put into the landfills, Exhibit A to the Supplemental Second Case Management Statement contains document requests that appear to go far beyond this need. Such requests include (a) all SEC filings that refer to any litigation or environmental issues and conditions, (b) all documents that relate to any litigation or threatened litigation pertaining to environmental issues, (c) all documents that relate to air pollution controls, (d) all documents that pertain to building permits, (e) all documents that pertain to workers' compensation claims related to exposure to waste or industrial processes at the site, and (f) all documents that pertain to any application for insurance.

While the Defendants believe these requests are overbroad and beyond the scope of the relief granted by the Delaware District Court, the scope of discovery does not need to be resolved at the May 23, 2008 Case Management Conference. Rather, the Defendants respectfully request that at the Case Management Conference, this Court establish (a) a deadline for the Defendants to file an answer to the Amended Complaint, (b) a schedule for the limited discovery necessary for the Plaintiff to respond to actions requested by governmental agencies, and (c) given the Plaintiff's agreement (Pl.'s Suppl. Sec. Case Mgmt. Stat. 3:26; 4:1-3), waiver of the parties' obligations under Federal Rules of Civil Procedure 26(a) and 26(f) pending the outcome of Plaintiff's appeal of the Delaware Bankruptcy Court's order directing the Plaintiff to dismiss this action. With respect to the scope of the Plaintiff's discovery, the Defendants propose that the parties meet and confer to resolve any differences and only if an agreement cannot be reached file

---

[1] Although those issues are not before this Court, KACC notes that Plaintiff has omitted certain key facts.

1 | appropriate motions for later disposition by the Court.

3 | Dated: May 22, 2008                           Respectfully submitted,

4 | JONES DAY

6 | By:    /s/ Kelli A. Crouch
         Kelli A. Crouch

8 | Counsel for Defendants
Attorneys for Kaiser Aluminum Corporation
and Kaiser Aluminum & Chemical
Corporation LLC