Thomas M. Donnelly (CA State Bar No. 136546)
Kelli A. Crouch (CA State Bar No. 239042)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
Email: tmdonnelly@jonesday.com
kcrouch@jonesday.com

Attorneys for Defendants
KAISER ALUMINUM CORPORATION and
KAISER ALUMINUM & CHEMICAL
CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MOSS LANDING COMMERCIAL PARK LLC,<br><br>Plaintiff,<br><br>v.<br><br>KAISER ALUMINUM CORPORATION, KAISER ALUMINUM & CHEMICAL CORPORATION, and DOES 1 through 100,<br><br>Defendants. | CASE NO. C-07-06072 RMW/PVT<br><br>**ANSWER OF DEFENDANTS KAISER ALUMINUM CORPORATION AND KAISER ALUMINUM & CHEMICAL CORPORATION TO FIRST AMENDED COMPLAINT** |

All of the claims for relief of Moss Landing Commercial Park LLC ("Plaintiff") asserted in its First Amended Complaint for Damages and Injunctive Relief (the "Complaint") were discharged pursuant to the plan of reorganization (the "Plan") of Defendants Kaiser Aluminum Corporation ("KAC") and Kaiser Aluminum & Chemical Corporation ("KACC")[1] and the February 6, 2006 order of the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") confirming the Plan (the "Confirmation Order"). The Plan and Confirmation Order expressly discharge all of Plaintiff's claims and enjoin Plaintiff from

---

[1] As part of the restructuring transactions consummated in connection with KAC's and KACC's plan of reorganization, KACC was merged into Kaiser Aluminum & Chemical Corporation LLC in 2006. References to KACC herein include Kaiser Aluminum & Chemical Corporation LLC.

Defendants' Answer to First Amended
Complaint, Case No. C 07-06072 RMW/PVT

proceeding with this lawsuit against Defendants KAC and KACC. As a result, KAC and KACC filed a motion in the Delaware Bankruptcy Court to enforce the Plan and Confirmation Order injunctions and to compel Plaintiff to dismiss this lawsuit against KAC and KACC (the "Motion to Enforce"). The Delaware Bankruptcy Court granted the Motion to Enforce and entered an order on April 16, 2008 (the "Dismissal Order") requiring Plaintiff to dismiss this lawsuit against Defendants KAC and KACC without prejudice. Plaintiff has appealed the Dismissal Order to the United States District Court for the District of Delaware (the "Delaware District Court"). Plaintiff also filed an emergency motion in the Delaware Bankruptcy Court for a stay of the Dismissal Order pending Plaintiff's appeal and to proceed with limited discovery as purportedly necessary to enable Plaintiff to respond to, or otherwise comply with, actions requested by governmental agencies relating to alleged environmental contamination at the property described in paragraph 12 of the Complaint. The Delaware Bankruptcy Court denied Plaintiff's motion for stay on April 21, 2008. On April 24, 2008, Plaintiff filed an emergency stay motion in the Delaware District Court requesting the same relief. The Delaware District Court scheduled a telephonic hearing for April 25, 2008, and on that same date entered an order granting Plaintiff's emergency motion and staying the Dismissal Order pending Plaintiff's appeal solely for the purpose of Defendants KAC and KACC filing an answer and any necessary discovery. At the May 23, 2008 case management conference in this case, the Court set June 6, 2008 as the deadline for Defendants KAC and KACC to file an answer to the Complaint. Subject to the Dismissal Order and to comply with the Delaware District Court's Stay Order, Defendants KAC and KACC, for their answer to the Complaint, aver and state as follows:

1. Admit the allegations made in Paragraph 1 of the Complaint.

2. Admit the allegations made in Paragraph 2 of the Complaint.

3. Admit that venue is proper in this judicial district and that the property that is the subject of this action is situated within the district, but deny the remaining allegations made in Paragraph 3 of the Complaint.

4. Admit that Plaintiff served a letter on KACC dated November 30, 2007, which letter speaks for itself. State that they are without knowledge or information sufficient to form a belief as to whether Plaintiff sent copies of the letter to other parties, and therefore deny the same. Deny each and every remaining allegation contained in Paragraph 4 of the Complaint.

5. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore deny the same. State that Plaintiff represented to both the Delaware Bankruptcy Court and the Delaware District Court, in support of its request for a stay to pursue discovery, that governmental agencies are "demanding action now." State further that the EPA and certain agencies of the State of California entered into a consent decree that bars Plaintiff from proceeding with one or more claims in the Complaint against Defendants KAC and KACC.

6. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore deny the same. State that Plaintiff represented to both the Delaware Bankruptcy Court and the Delaware District Court, in support of its request for a stay to pursue discovery, that governmental agencies are "demanding action now." State further that the EPA and certain agencies of the State of California entered into a consent decree that bars Plaintiff from proceeding with one or more claims in the Complaint against Defendants KAC and KACC.

7. Admit the allegations made in Paragraph 7 of the Complaint.

8. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore deny the same.

9. Admit that KACC is headquartered at 27422 Portola Pkwy., Ste. 350, Foothill Ranch, CA 92610-2831, but deny that KACC's principal place of business is located at 5847 San

Felipe St., Suite 2500, Houston TX 71326-3777.  Admit that KAC, through a wholly owned subsidiary, Kaiser Aluminum Investments Corporation, a Delaware corporation ("KAIC"), owns 100% of the membership interests in KACC and that KAC previously owned 100% of the equity of KACC.  Deny that all officers and directors of KACC are officers and directors of KAC, and deny all remaining allegations contained in Paragraph 9 of the Complaint.

10. Admit that KAC is a Delaware Corporation with its headquarters and principal place of business located at 27422 Portola Pkwy., Ste. 350, Foothill Ranch, CA 92610-2831.  Admit that KAC, through its wholly owned subsidiary, KAIC, owns 100% of the membership interests in KACC and that KAC previously owned 100% of the equity of KACC.  Deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore deny the same.

12. Admit that Plaintiff's Complaint involves alleged environmental contamination at a property described in Paragraph 12 of the Complaint (the "Property").  Admit that Exhibit A purports to be an aerial photograph of the Property.  State further that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint, and therefore deny the same.

13. Admit that Exhibit A purports to be an aerial photograph of the Property and that Exhibit B purports to be a map of the Property.  State that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore deny the same.

14. Admit that from 1942 to 1984, KACC owned and operated certain plants on the Property, including a magnesium and refractory brick facility.  State that they are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and therefore deny the same.

15. Admit that KACC operated two landfills on the Property, that Exhibit C purports to show the locations of such landfills, and that a wide variety of materials were deposited in the landfills. State that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint, and therefore deny the same.

16. Admit that KACC filed a Notification of Hazardous Waste Site with EPA in 1981, which document speaks for itself. State that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint, and therefore deny the same.

17. Admit that KACC filed a Notification of Hazardous Waste Site with EPA in 1981, which document speaks for itself. Deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. State that the allegations contained in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required or given.

19. State that the allegations regarding MCL and AL are statements of law to which no response is required or given. State further that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint, and therefore deny the same.

20. State that the allegations regarding MCL and AL are statements of law to which no response is required or given. State further that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and therefore deny the same.

21. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore deny the same.

22. State that any applicable water quality control plan adopted by RWQCB speaks for itself and that the allegations regarding MCLs are statements of law to which no response is required or given. State further that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and therefore deny the same.

23. State that any applicable water quality control plan adopted by RWQCB speaks for itself. State further that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint, and therefore deny the same.

24. State that the allegations contained in Paragraph 24 of the Complaint constitute statements of law and/or legal conclusions to which no response is required or given. To the extent the allegations contained in Paragraph 24 require an answer, deny the allegations made in Paragraph 24.

25. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore deny the same.

26. Admit the allegations made in Paragraph 26 of the Complaint.

### First Claim for Relief

**Violation of Duty to Apply for a NPDES Permit in Violation of the Clean Water Act Alleged Against KACC and DOES 1-100**
**(Violations of 33 U.S.C. §§ 1311, 1342)**

27. For their answer to Paragraph 27 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-26 by reference, as if fully set forth herein.

28. The allegations contained in Paragraph 28 of the Complaint constitute statements of law to which no response is required or given.

29. The allegations contained in Paragraph 29 of the Complaint constitute statements of law to which no response is required or given.

30. State that the allegation regarding the CWA constitutes a statement of law to which no response is required or given. Deny the remaining allegations made in Paragraph 30 of the Complaint.

31. Deny the allegations made in Paragraph 31 of the Complaint.

32. Deny the allegations made in Paragraph 32 of the Complaint.

33. Deny the allegations made in Paragraph 33 of the Complaint.

34. The allegations contained in Paragraph 34 of the Complaint constitute statements of law to which no response is required or given.

35. The allegations contained in Paragraph 35 of the Complaint constitute legal conclusions to which no response is required or given. To the extent the allegations contained in Paragraph 35 require an answer, deny the allegations made in Paragraph 35.

36. State that the allegation regarding the CWA constitutes a statement of law to which no response is required or given. Admit that the Plaintiff seeks an injunction, but deny that the Plaintiff is entitled to such relief. Deny the allegations regarding acts and omissions of KACC and irreparable harm to Plaintiff.

37. Admit that the Plaintiff seeks civil penalties, but deny that the Plaintiff is entitled to such relief.

38. Admit that the Plaintiff seeks costs, but deny that the Plaintiff is entitled to such relief.

## Second Claim for Relief

**Unpermitted Discharge of Pollutants to Waters of the United States in Violation of the Clean Water Act Alleged Against KACC and DOES 1-100**
**(Violations of 33 U.S.C. §§ 1311, 1342)**

39. For their answer to Paragraph 39 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-38 by reference, as if fully set forth herein.

40. The allegations contained in Paragraph 40 of the Complaint constitute statements of law and/or legal conclusions to which no response is required or given.

41. The allegations contained in Paragraph 41 of the Complaint constitute statements of law and/or legal conclusions to which no response is required or given.

42. Deny the allegations made in Paragraph 42 of the Complaint.

43. Deny the allegations made in Paragraph 43 of the Complaint.

44. Deny the allegations made in Paragraph 44 of the Complaint.

45. Deny the allegations made in Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint constitute legal conclusions to which no response is required or given. To the extent the allegations contained in Paragraph 46 require an answer, deny the allegations made in Paragraph 46.

47. State that the allegation regarding the CWA is a statement of law to which no response is required or given. Admit that the Plaintiff seeks an injunction, but deny that the Plaintiff is entitled to such relief. Deny the allegations regarding acts and omissions of KACC and irreparable harm to Plaintiff.

48. Admit that the Plaintiff seeks civil penalties, but deny that the Plaintiff is entitled to such relief.

49. Admit that the Plaintiff seeks costs, but deny that the Plaintiff is entitled to such relief.

### Third Claim for Relief

**Creation of an Imminent and Substantial Endangerment to the Environment Alleged Against KACC and DOES 1-100**
**(Violations of 42 U.S.C. § 6972(a)(1)(B))**

50. For their answer to Paragraph 50 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-49 by reference, as if fully set forth herein.

51. The allegations contained in Paragraph 51 of the Complaint constitute statements of law and/or legal conclusions to which no response is required or given.

52. Deny the allegations made in Paragraph 52 of the Complaint.

53. Deny the allegations made in Paragraph 53 of the Complaint.

54. Deny the allegations made in Paragraph 54 of the Complaint.

55. Admit that the Plaintiff seeks an injunction, but deny that the Plaintiff is entitled to such relief. Deny the allegation that the Plaintiff will be irreparably harmed. State that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55, and therefore deny same.

56. Admit that the Plaintiff seeks civil penalties, but deny that the Plaintiff is entitled to such relief. Deny that KACC has been on notice of any imminent and/or substantial threat to the environment.

57. Admit that the Plaintiff seeks costs, but deny that the Plaintiff is entitled to such relief.

## Fourth Claim for Relief

**Continuing Public Nuisance and Public Nuisance Per Se Alleged Against KACC and DOES 1-100**

58. For their answer to Paragraph 58 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-57 by reference, as if fully set forth herein.

59. Deny the allegations made in Paragraph 59 of the Complaint.

60. Deny the allegations made in Paragraph 60 of the Complaint.

61. State that the allegations describing state law are statements of law to which no response is required or given. Deny the remaining allegations made in Paragraph 61 of the Complaint.

62. State that the allegations describing state law are statements of law to which no response is required or given. Deny the remaining allegations made in Paragraph 62 of the Complaint.

63. State that the allegations describing federal law are statements of law to which no response is required or given. Deny the remaining allegations made in Paragraph 63 of the Complaint.

64. Deny the allegations made in Paragraph 64 of the Complaint.

65. Deny the allegations made in Paragraph 65 of the Complaint.

66. Deny the allegations made in Paragraph 66 of the Complaint.

67. Deny the allegations made in Paragraph 67 of the Complaint.

68. Deny the allegations made in Paragraph 68 of the Complaint.

69. Deny the allegations made in Paragraph 69 of the Complaint.

70. Admit that the Plaintiff seeks an injunction, but deny that the Plaintiff is entitled to such relief. Deny the allegations regarding commission and omission of alleged acts by KACC and irreparable harm to the Plaintiff.

71.    Admit that the Plaintiff seeks attorneys' fees, but deny that the Plaintiff is entitled to such relief.

### Fifth Claim for Relief

**Continuing Private Nuisance and Private Nuisance Per Se Alleged Against KACC and DOES 1-100**

72.    For their answer to Paragraph 72 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-71 by reference, as if fully set forth herein.

73.    Deny the allegations made in Paragraph 73 of the Complaint.

74.    Deny the allegations made in Paragraph 74 of the Complaint.

75.    Deny the allegations made in Paragraph 75 of the Complaint.

76.    Deny the allegations made in Paragraph 76 of the Complaint.

77.    Deny the allegations made in Paragraph 77 of the Complaint.

78.    State that the allegations describing state law are statements of law to which no response is required or given.  Deny the remaining allegations made in Paragraph 78 of the Complaint.

79.    State that the allegations describing federal law are statements of law to which no response is required or given.  Deny the remaining allegations made in Paragraph 79 of the Complaint.

80.    Deny the allegations made in Paragraph 80 of the Complaint.

81.    Deny the allegations made in Paragraph 81 of the Complaint.

82.    State that they are without knowledge or information regarding costs or expenses incurred by Plaintiff, and therefore deny same.  Deny the remaining allegations made in Paragraph 82 of the Complaint.

83. Admit that the Plaintiff seeks an injunction, but deny that the Plaintiff is entitled to such relief. Deny the allegations regarding commission and omission of alleged acts by KACC and irreparable harm to the Plaintiff.

84. Admit that the Plaintiff seeks attorneys' fees, but deny that the Plaintiff is entitled to such relief.

## Sixth Claim for Relief

### Negligence Per Se Alleged Against KACC and DOES 1-100

85. For their answer to Paragraph 85 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-84 by reference, as if fully set forth herein.

86. State that the allegations made in Paragraph 86 of the Complaint constitute legal conclusions to which no response is required or given.

87. Deny the allegations made in Paragraph 87 of the Complaint.

88. State that the allegations describing state law are statements of law to which no response is required or given. Deny the remaining allegations made in Paragraph 88 of the Complaint.

89. State that the allegations describing state law are statements of law to which no response is required or given. Deny the remaining allegations made in Paragraph 89 of the Complaint.

90. State that the allegations describing federal law are statements of law to which no response is required or given. Deny the remaining allegations made in Paragraph 90 of the Complaint.

91. State that the allegations made in Paragraph 91 of the Complaint constitute conclusions of law to which no response is required or given.

92. Deny the allegations made in Paragraph 92 of the Complaint.

93. Deny the allegations made in Paragraph 93 of the Complaint.

94. Admit that the Plaintiff seeks an injunction, but deny that the Plaintiff is entitled to such relief. Deny the allegations regarding commission and omission of alleged acts by KACC and irreparable harm to the Plaintiff.

95. Admit that the Plaintiff seeks attorneys' fees, but deny that the Plaintiff is entitled to such relief.

### Seventh Claim for Relief

**Declaratory Relief Alleged Against KACC and DOES 1-100 Pursuant to 28 U.S.C. § 2201 and California Code of Civil Procedure § 1060**

96. For their answer to Paragraph 96 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-95 by reference, as if fully set forth herein.

97. Deny the allegations made in Paragraph 97 of the Complaint.

98. Admit that the Plaintiff seeks a declaratory judgment, but deny that the Plaintiff is entitled to such relief.

99. Deny the allegations made in Paragraph 99 of the Complaint.

100. Admit that the Plaintiff seeks an injunction, but deny that the Plaintiff is entitled to such relief.

101. Admit that the Plaintiff seeks attorneys' fees, but deny that the Plaintiff is entitled to such relief.

### Eighth Claim for Relief

**Equitable Indemnity and Contribution Alleged Against KACC and DOES 1-100 Pursuant to California Law**

102. For their answer to Paragraph 102 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-101 by reference, as if fully set forth herein.

103. Deny the allegations made in Paragraph 103 of the Complaint.

104.   Deny the allegations made in Paragraph 104 of the Complaint.

### Ninth Claim for Relief

### Section 1428 California Civil Code Alleged Against KACC and DOES 1-100

105.   For their answer to Paragraph 105 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-104 by reference, as if fully set forth herein.

106.   State that the allegations contained in Paragraph 106 of the Complaint constitute statements of law and/or legal conclusions to which no response is required or given.

107.   Deny the allegations made in Paragraph 107 of the Complaint.

108.   Admit that the Plaintiff seeks an injunction, but deny that the Plaintiff is entitled to such relief.  Deny the allegations regarding commission and omission of alleged acts by KACC and irreparable harm to the Plaintiff.

109.   Admit that the Plaintiff seeks attorneys' fees, but deny that the Plaintiff is entitled to such relief.

### Tenth Claim for Relief

### Breach of Contract Against KACC and DOES 1-100

110.   For their answer to Paragraph 110 of the Complaint, Defendants KAC and KACC incorporate their answers to Paragraphs 1-109 by reference, as if fully set forth herein.

111.   State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the Agreement for Environmental Compliance was assigned to Plaintiff, and therefore deny the same.  State further that the allegation that the Agreement for Environmental Compliance runs with the land is a legal conclusion to which no response is required or given.

112. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint, and therefore deny the same.

113. Admit that Plaintiff served KACC with a letter dated November 30, 2007, which letter speaks for itself. Deny the remaining allegations made in Paragraph 113 of the Complaint.

114. Deny the allegations made in Paragraph 114 of the Complaint.

115. Deny the allegations made in Paragraph 115 of the Complaint.

116. Deny any remaining allegations not heretofore addressed in this Answer.

In further answer to Plaintiff's Complaint, and as separate and distinct affirmative defenses, Defendants KAC and KACC allege as follows:

### First Affirmative Defense
### (Failure to State a Claim)

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Statute of Limitations)

2. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations or repose.

### Third Affirmative Defense
### (Unclean Hands, In Pari Delicto, Laches, Estoppel, Waiver, Release, Ratification and Acquiescence)

3. Plaintiff's claims, in whole or in part, are barred by the doctrines of unclean hands, in pari delicto, laches, estoppel, waiver, release, ratification and acquiescence.

### Fourth Affirmative Defense
### (Bankruptcy Discharge)

4. Plaintiff's claims have been discharged by confirmation of the Plan and are permanently enjoined pursuant to the Plan and Confirmation Order injunctions.

1 **Fifth Affirmative Defense**

2 **(Claims Barred by Environmental Statutes and Orders)**

3 5. Plaintiff's claims are barred, in whole or in part, by applicable federal and/or state environmental statutes, including due to a consent decree the Defendants entered into with the United States Environmental Protection Agency and certain agencies of the State of California, Plaintiff's failure to comply with the provisions of the statutes upon which it relies, and the terms of those statutes, including 33 U.S.C. § 1365(b) and 42 U.S.C. § 6972(b).

**Sixth Affirmative Defense**

**(Res Judicata)**

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

**Seventh Affirmative Defense**

**(Lack of Standing)**

7. Plaintiff lacks standing as to one or more claims.

**Reservation of Rights**

8. Defendants KAC and KACC have not knowingly or intentionally waived any applicable affirmative defense and reserve the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent. Defendants KAC and KACC further reserve the right to amend this answer, including the affirmative defenses, accordingly and/or to delete affirmative defenses that they determine are not applicable after subsequent discovery. Nothing stated herein constitutes a concession as to whether or not the Plaintiff bears the burden of proof on any issue.

**PRAYER**

WHEREFORE, Defendants KAC and KACC pray for judgment as follows:

1. That the Plaintiff take nothing by its Complaint;

2. That the Complaint be dismissed with prejudice;

3. That Defendants KAC and KACC be awarded their costs of suit, including reasonable attorneys' fees, according to proof; and

4. That Defendants KAC and KACC be awarded such other and further relief as the Court may deem appropriate.

Dated: June 6, 2008                                  JONES DAY


By:   /s/ Kelli A. Crouch
        Kelli A. Crouch

Attorneys for Kaiser Aluminum Corporation and Kaiser Aluminum & Chemical Corporation LLC