THOMAS H. CLARKE, JR. (SBN 47592)
TIMOTHY A. DOLAN (SBN 209674)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone: 415 543 4800
Facsimile: 415 972 6301
tclarke@rmkb.com
tdolan@rmkb.com

Attorneys for Plaintiff
MOSS LANDING COMMERCIAL PARK LLC

THOMAS M. DONNELLY (SBN 135546)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: 415 626 2929
Facsimile: 415 875 5700
tmdonnelly@jonesday.com

Attorneys for Defendants
KAISER ALUMINUM CORPORATION and
KAISER ALUMINUM & CHEMICAL
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOSS LANDING COMMERCIAL PARK LLC,<br><br>Plaintiff,<br>v.<br><br>KAISER ALUMINUM CORPORATION, KAISER ALUMINUM & CHEMICAL CORPORATION, and DOES 1 through 100,<br><br>Defendants. | CASE NO. C07 06072 RMW/PVT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>CMC: September 12, 2008<br>Time: 10:30AM<br>Courtroom 6<br>Honorable Ronald M. Whyte, Judge |

Plaintiff Moss Landing Commercial Park, LLC and Defendants Kaiser Aluminum

Corporation ("KAC") and Kaiser Aluminum & Chemical Corporation ("KACC")[1] submit the

---

[1] As part of the restructuring transactions consummated in connection with KAC's and KACC's plan of

USDC NDCA C07 06072 RMW/PVT
RC1/5177158.1/CB12                    - 1 -            JOINT CASE MANAGEMENT STATEMENT

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  following Joint Case Management Statement:

2      1.    <u>Jurisdiction and Service:</u>

3      Given the causes of action pled by plaintiff, this Court has subject matter jurisdiction
4  under 28 U.S.C. § 1331 in that this case arises under 42 U.S.C. § 6972, 33 U.S.C. § 1365, and 28
5  U.S.C. §§ 2201 and 2202, and supplemental jurisdiction under 28 U.S.C. §§ 2201 and 2202.
6  Service is complete.

7      2.    <u>Facts:</u>

8      This case involves the alleged contamination of real property located adjacent to Highway
9  1, Dolan Road, Monterey Bay, and Moro Cojo Slough (the "Property"). Plaintiff Moss Landing
10 Commercial Park, LLC ("MLCP") is the current owner of the Property. MLCP alleges in its
11 complaint that KAC (the parent corporation) and KACC (the subsidiary) (sometimes referred to,
12 together, as "Kaiser") contaminated the Property and remain responsible for its remediation.
13 Plaintiff alleges that the contamination threatens a drinking water resource, endangered and
14 threatened species, adjacent wetlands, and the Monterey Bay National Marine Sanctuary.
15 Accordingly, Plaintiff requests from this Court, in addition to various claims for damages, an
16 injunction requiring response action by Kaiser.

17     Kaiser denies that it is liable in any manner for the contamination allegedly at issue.
18 Kaiser contends that as a result of its bankruptcy discharge, both KAC and KACC were
19 discharged from any alleged liability. In addition, Kaiser contends that an October 2003 multi-
20 site consent decree that Kaiser entered into with the United States and certain federal agencies,
21 and certain states, including California, bars Plaintiff's claims. KAC further contends that it was
22 the parent of KACC and nothing more, and never had any direct involvement in the ownership,
23 operation or management of KACC's sites or environmental practices.

24     3.    <u>Legal Issues:</u>

25     Subsequent to service of MLCP's complaint in this action, Kaiser filed its Motion of
26 Reorganized Debtors to (A) Enforce Injunctions Issued in Connection with the Second Amended

---

28 reorganization, KACC was merged into Kaiser Aluminum & Chemical Corporation LLC in 2006. References to KACC herein include Kaiser Aluminum & Chemical Corporation LLC.

USDC NDCA C07 06072 RMW/PVT
RC1/5177158.1/CB12                    - 2 -                    JOINT CASE MANAGEMENT STATEMENT

Joint Plan of Reorganization and (B) Compel Moss Landing Commercial Park LLC to Dismiss with Prejudice Its Lawsuit Against Kaiser Aluminum Corporation and Kaiser Aluminum & Chemical Corporation, in the United States Bankruptcy Court for the District of Delaware. This motion was heard in Wilmington, Delaware on February 25, 2008. The Bankruptcy Court granted the motion, and ordered this action dismissed without prejudice. Subsequently, MLCP sought an emergency stay of the order by the Delaware District Court pending its appeal; the stay was granted for the limited purposes of (1) Kaiser filing an answer to the complaint in this action, which it has done, and (2) MLCP conducting limited discovery, to which Kaiser already has responded.

The Delaware District Court subsequently approved a stipulated schedule for MLCP's appeal on August 13, 2008, when it agreed with the parties that the appeal was not appropriate for mediation. MLCP filed its opening appellate brief on August 15, 2008, the Kaiser opposition brief is due on or before September 14, 2008, and the MLCP reply brief is due on or before September 29, 2008. No hearing date has been scheduled for oral argument.

The issues on appeal include: (1) whether the order to dismiss this action without prejudice is a "final order" for purposes of allowing the Delaware District Court to hear the appeal, and (2) whether the Delaware Bankruptcy Court erred in granting Kaiser's motion to enforce the bankruptcy discharge injunction against MLCP.

4. <u>Motions:</u>

No motions will be filed prior to resolution of the pending bankruptcy appeal.

5. <u>Amendment of Pleadings:</u>

No amendments are expected at this time.

6. <u>Evidence Preservation:</u>

The parties have been instructed by their respective counsel to preserve all evidence which may concern this dispute, including all electronic evidence.

7. <u>Disclosures:</u>

Due to the bankruptcy proceeding, the parties have not yet exchanged initial disclosures.

8. <u>Discovery:</u>

At the last case management conference, this Court permitted MLCP to make a focused request for documents and special interrogatory to Kaiser; said discovery was issued, and Kaiser has responded. MLCP is in the process of reviewing the responses and documents produced by KACC.

9. <u>Class Actions:</u>

There is no foreseeable reason why this action should be treated as a class action.

10. <u>Related Cases:</u>

This action is related to *In re Kaiser Aluminum Corporation*, Jointly Administered Case No. 02-10429 in the United States Bankruptcy Court for the District of Delaware.

11. <u>Relief:</u>

Plaintiff asserts various claims for damage and also seeks an injunction requiring Kaiser to remediate the alleged contamination of real property, groundwater, and surface water located adjacent to Highway 1, Dolan Road, Monterey Bay, and Moro Cojo Slough.

12. <u>Settlement and ADR:</u>

Not at this time.

13. <u>Consent to Magistrate Judge for All Purposes:</u>

Not at this time.

14. <u>Other References:</u>

Not at this time.

15. <u>Narrowing of Issues:</u>

Not at this time.

16. <u>Expedited Schedule:</u>

Not at this time.

17. <u>Scheduling:</u>

Not at this time.

18. <u>Trial:</u>

MLCP has demanded a jury trial. The trial of this matter is expected to take ten (10) court

days. However, the Delaware District Court's stay of the Delaware Bankruptcy Court's dismissal order was for the purposes of Kaiser filing an answer to the complaint in this action and for limited discovery. The parties therefore submit that the Court should not set a trial date until MLCP's appeal of the Bankruptcy Court's order directing dismissal of this action is resolved.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

Should MCLP succeed in its appeal of the bankruptcy court's order, it is anticipated that MLCP and Kaiser will satisfy this requirement.

20. <u>Other:</u>

MLCP and Kaiser will promptly notify this Court of any court ruling on MLCP's appeal of the Bankruptcy Court's order directing dismissal of this action. It is reasonable to anticipate that whatever the ruling of the Delaware District Court, an appeal will be filed with the Court of Appeals.

In the meantime, the parties suggest that the Court continue the case management conference scheduled for September 12, 2008 for at least ninety (90) days. The parties will file a joint report with the Court on the status of MLCP's appeal of the Bankruptcy Court's order no later than seven (7) days prior to the continued CMC, unless the Delaware District Court rules on the appeal before then, in which case the parties will promptly notify this Court of that ruling.

Dated: August 29, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____/s/_____
THOMAS H. CLARKE, JR.
TIMOTHY A. DOLAN
Attorneys for Plaintiff MOSS LANDING COMMERCIAL PARK LLC

Dated: August 29, 2008

JONES DAY

By: _____/s/_____
THOMAS M. DONNELLY
Attorneys for Defendants KAISER ALUMINUM CORPORATION and KAISER ALUMINUM AND CHEMICAL CORPORATION

USDC NDCA C07 06072 RMW/PVT
RC1/5177158.1/CB12

- 5 -

JOINT CASE MANAGEMENT STATEMENT