1
2
3
4
5
6
7

**E-FILED on __03/19/09____**

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10               SAN JOSE DIVISION

11

12 | MOSS LANDING COMMERCIAL PARK LLC,

No. C-07-06072 RMW

13            Plaintiff,

14      v.

ORDER GRANTING MOTION TO
WITHDRAW AS COUNSEL

15

16 KAISER ALUMINUM CORPORATION,
KAISER ALUMINUM AND CHEMICAL
CORPORATION, and DOES 1 through 100,

**[Re Docket No. 40]**

17

18            Defendants.

19

20     The complaint in this action alleges that defendant Kaiser Aluminum Corporation ("Kaiser

21 Aluminum") operated two landfills on property now owned by Moss Landing Commercial Park

22 ("MLCP") and contaminated the property with hazardous waste.

23     MLCP's attorneys from Ropers, Majeski, Kohn, and Bentley ("Ropers Majeski") now move

24 to withdraw as counsel.  Kaiser Aluminum has filed a statement of non-opposition.  MLCP has filed

25 nothing in response.  For the following reasons, the court grants the motion to withdraw.

26

27

28

United States District Court
For the Northern District of California

## I. BACKGROUND

The relationship between Ropers Majeski and MLCP is governed by an agreement executed by both parties on November 6, 2007 ("the Agreement").[1]  That agreement provides that both parties may terminate the agreement "at any time upon notification in writing to the other."  Declaration of Thomas H. Clarke ¶ 3.  The Agreement also states that good cause for Ropers Majeski's termination "shall include [MLCP's] breach of the agreement, refusal to cooperate or to follow [Ropers Majeski's] advice on a material matter . . . ."  *Id.*   According to Mr. Clarke's declaration, there has arisen an irreconcilable difference of opinion between MLCP and RMKB as to the most productive litigation strategy.  The Agreement also states that Ropers Majeski's bills are due on receipt and late if payment is not received within 30 days. *Id.* at ¶ 5.

## II. ANALYSIS

Under the district's local rules, counsel may not withdraw without a court order.  Civil L.R. 11-5(a).  The court applies California's Rules of Professional Conduct to determine whether withdrawal is proper.  *E.g., Cal. Native Plant Soc'y v. U.S. E.P.A.*, 2008 WL 4911162, *1 (N.D. Cal. Nov. 14, 2008); *Elan Transdermal Ltd. v. Cygnus Therapeutic Systems*, 809 F. Supp. 1383, 1387 (N.D. Cal. 1992).  Pursuant to such rules, an attorney may seek to withdraw if the client "breaches an agreement or obligation to the member as to expenses or fees."  Cal. Rule of Prof. Conduct 3-700(C)(1)(f).

Mr. Clarke provides two justifications for Ropers Majeski's motion to withdraw.  First, there have arisen irreconcilable differences of opinion between MLCP and Ropers Majeski as to the best litigation strategy.  Clarke Decl. ¶ 4.  Second, Mr. Clarke states that MLCP has made no payments on any bill since September of 2008.  *Id.* at ¶ 6.  Since September of 2008, Ropers Majeski has continued to represent MLCP in this action and a related action in Delaware, and the bill amount outstanding now exceeds $100,000.  *Id.* at ¶ 7,6.  Ropers Majeski has notified MLCP and its

---

[1]  The motion to withdraw and supporting declaration conflict on the agreement's execution date. The motion states that the agreement was executed on November 6, 2007 while the declaration says November 7, 2006.  Clarke Decl. ¶ 2.  Because the action was filed late November of 2007, the court assumes that the 2007 date is the correct one.

**United States District Court**
For the Northern District of California

1  corporate counsel of its intent to withdraw as counsel.  Thus, good cause exists  for Ropers Majeski's

2  motion to withdraw, and the court grants the motion.

3          As an incorporated entity, MLCP may not appear *pro se*.  Civil L.R. 3-9(b).  MLCP should

4  promptly retain counsel.  In the interim, any papers filed in the case shall be served on Mr. Clarke

5  and his firm for the sole purpose of forwarding the papers to Moss Landing.  Civil L.R. 11-5(b).

6                                  **III.  ORDER**

7          For the foregoing reasons, the motion to withdraw is granted.  Moss Landing shall have until

8  April 1, 2009 to retain new counsel and have its new counsel file a notice of appearance.  Until then,

9  any papers filed in the case shall be served on Mr. Clarke and his firm for the sole purpose of

10  forwarding the papers to Moss Landing.  The hearing on the motion to withdraw, now set for March

11  20, 2009, is hereby vacated.

12

13

14  DATED:  _____03/19/09_____                    _Ronald M Whyte_____

15                                                  RONALD M. WHYTE
                                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL—No. C-07-06072 RMW
JAS                                          3

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  Thomas H. Clarke , Jr.      tclarke@ropers.com
   Timothy A. Dolan            tdolan@rmkb.com

4  **Counsel for Defendants:**

5
   Thomas Michael Donnelly    tmdonnelly@jonesday.com
6  Kelli A. Crouch            kcrouch@jonesday.com

7
   Counsel are responsible for distributing copies of this document to co-counsel that have not
8  registered for e-filing under the court's CM/ECF program.

9

10

11  **Dated:** _____03/19/09_____          _____JAS_____
                                               **Chambers of Judge Whyte**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL—No. C-07-06072 RMW
JAS                                         4